Marvin M. Smith, ISB No. 2236
Marvin K. Smith, ISB No. 6978
HAWLEY TROXELL ENNIS & HAWLEY LLP
2010 Jennie Lee Drive
Idaho Falls, ID 83404
Telephone: 208.529.3005
Facsimile: 208.529.3065
Email: mmsmith@hawleytroxell.com
mksmith@hawleytroxell.com

*Attorneys for Defendant Eastern Idaho Health Services, Inc., d/b/a Eastern Idaho Regional Medical Center*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| CHARLES J. SPENCER and TONI A. SPENCER, <br><br> Plaintiffs, <br><br> vs. <br><br> BRENT H. GREENWALD, M.D., EASTERN IDAHO HEALTH SERVICES, INC. (a/k/a EASTERN IDAHO REGIONAL MEDICAL CENTER), an Idaho for profit corporation, <br><br> Defendants. | Case No. 4:20-CV-440-DCN <br><br> **MEMORANDUM IN SUPPORT OF EIRMC'S MOTION TO QUASH** |

Defendant Eastern Idaho Health Services, Inc. dba Eastern Idaho Regional Medical ("EIRMC"), hereby submits its memorandum in support of EIRMC's Motion to Quash.

**I.
INTRODUCTION**

1. McDonald & Associates provides surveillance services, and was retained by EIRMC to surveil Plaintiff Charles A. Spencer. Counsel Declaration at ¶ 3. While a final

determination as to what experts may testify at trial has not been made, EIRMC anticipates that McDonald & Associates could testify at trial. *Id.* EIRMC produced the surveillance report and a condensed version of the video footage (footage when Mr. Spencer was actually in view of the camera) generated by McDonald & Associates through a discovery supplement on December 1, 2021.[1] *Id.* at ¶ 4. Following the supplemental production of the surveillance report and condensed video footage, the parties began to meet and confer regarding Plaintiffs' issues with EIRMC's supplemental production. *Id.* at ¶ 5. In response to these meet and confer efforts, EIRMC recently supplemented again with the original unedited video footage of the surveillance conducted on Mr. Spencer. *Id.* at ¶ 6

2. On or about December 9, 2021 – rather than continue with required meet and confer efforts – Plaintiffs Charles J. Spencer and Toni A. Spencer ("Plaintiffs") filed their Notice of Intent to Serve Subpoena [Dkt. 61]. Attached thereto was a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action [Dkt. 61-1] dated December 9, 2021 (the "Subpoena"), which was subsequently served on one of EIRMC's retained experts, McDonald & Associates on December 16, 2021. Declaration of Brian McDonald at ¶ 3.

3. The Subpoena states in pertinent part:

Please produce the following documents, data, information, and materials within the possession, custody, or control of McDonald in accordance with the provisions of the Federal Rules of Civil Procedure and in accordance with the provisions of this Subpoena---relating to

---

[1] This original supplement included additional information, such as the name of the investigator, dates of surveillance, and location of surveillance.

McDonald being hired, retained, or engaged to take any photographs or films of Mr. or Mrs. Spencer at any time from and after January 14, 2020 to the present date:

(a) all contracts, agreements, memoranda, or other documents that reflect any such hiring, retention, or engagement;

(b) all letters, memoranda, notes, emails, reports, or photo or film logs relating to any such hiring, retention, or engagement;

(c) any notes or records made at the time of any such photographing or filming, or other notes, emails, or other documents that described or memorialized any such photographing or filming;

(d) any reports or summaries of any such photographing or filming;

(e) all photographs and film taken at any time (including all outtakes)---and please produce the photographs and films in digital format.

Exhibit A, attached to the Declaration of Brian McDonald.

## II.
## LEGAL STANDARD

Under Fed. R. Civ. P. 45(d), a court may quash or modify a subpoena upon timely motion on the grounds stated in the rule. The Rule provides that "[o]n timely motion, the court must quash or modify a subpoena that: fails to allow a reasonable time to comply; requires a person to comply beyond specified geographical limits; requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." *Short v. United States*, No. 1:18-CV-00074-DCN, 2019 WL 5457994, at *2, n. 3 (D. Idaho Oct. 23, 2019); Fed. R. Civ. P. 45(d)(3)(A).

Rule 45(a)(2) requires that a subpoena must issue from the court where the action is pending. However, since Rule 45 was amended in 2013, Rule 45(d)(3)(A) requires that challenges to a subpoena must be heard by "the court for the district where compliance is required." *Id.* Thus, "when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion." *Europlay Capital Advisors, LLC v. Does*, 323 F.R.D. 628, 629 (C.D. Cal. 2018) (internal quotation marks and citation omitted); *Short v. United States*, No. 1:18-CV-00074-DCN, 2019 WL 5457994, at *2 (D. Idaho Oct. 23, 2019). However, a subpoenaed party may consent to jurisdiction in the issuing jurisdiction pursuant to Fed. R. Civ. P. 45(f).[2]

## III.
## ARGUMENT

A.  **Plaintiffs' Subpoena is an attempt to bypass the limitations on retained expert discovery set forth in Rule 26(b)(4), and therefore, the Court should quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) and (iv).**

Though there does not appear to be a Ninth Circuit case directly on-point, Courts in federal districts across the country have precluded parties from issuing a Rule 45 subpoena on a retained expert witness, because doing so would allow the issuing party to avoid the limitations on expert discovery set forth in Fed. R. Civ. P. 26(b)(4). The sentinel case on this issue is *Marsh v. Jackson*, 141 F.R.D. 431 (W.D. Va. 1992). In *Marsh*, the defendants sought to obtain through a Rule 45 subpoena the files of two of Plaintiffs' retained experts. The Plaintiff in *Marsh* filed a motion to quash, arguing that Rule 26(b)(4) limited the scope of discovery into retained experts.

---

[2] Here, the subpoenaed party, McDonald & Associates, expressly consents to this Court's jurisdiction. *See* Declaration of Brian McDonald, filed herewith at ¶ 4.

The Western District of Virginia agreed with plaintiff, holding that Rule 26(b)(4) limited an opposing party's right of access to the evidence of experts that have been retained to testify in the case and that the opposing party could not bypass Rule 26(b)(4) with a Rule 45 subpoena. Specifically, the court in *Marsh* held:

> Rule 26(b)(4) and, concurrently, Rule 30, traditionally have been seen as limitations on the methods by which information may be discovered from experts retained by a party. None of the methods of discovery allowed under Rules 26(b)(4) and 30 permit the use of bare Rule 45 subpoenas *duces tecum*. Instead, they operate as a control, or brake if you will, on the potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of experts retained by a party to testify at trial. These methods are tried and true. They both are simple and provide protection for the parties and witnesses. They contemplate gathering information first from the party *viz* Rule 26(b). In the event a party wishes to deal directly with the opponent's expert, Rule 30 permits the use of a deposition. In conjunction with that deposition, the expert might be served also with a Rule 45 subpoena *duces tecum* requiring him to produce a designated list of materials or things. The most important attribute of these discovery methods is that they protect the interests of the expert and the party retaining him in the work that he has produced, while also providing access to the opposing party, though such access might not be as inexpensive as the opponent might desire.
>
> While the court is sympathetic to defendant's argument in this case that much expense and potentially some time might be saved by permitting discovery under Rule 45 of the experts here in question, it seems to the court that the drafters of the Rules could have accounted for that if it had been their intention to do so. The court declines to construe the Rules in a manner that would rewrite them, either by adding to or taking away from one or the other.
>
> ∗∗∗
>
> An order will enter granting the plaintiff's motion to quash the subpoenas *duces tecum* issued to Dr. O'Shanick and Mr. Melberg.

*Marsh*, 141 F.R.D. at 433. Since *Marsh*, numerous courts across the country have agreed that a Rule 45 subpoena issued on a retained expert is beyond the scope of permissible discovery of a retained expert pursuant to Fed. R. Civ. P. 26(b)(4). *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, No. 16-00136-CV-W-HFS, 2017 WL

2313288, at *1–2 (W.D. Mo. May 18, 2017) (granting motion of party to quash Rule 45 subpoena issued on its retained expert on same rationale as *Marsh*); *Morriss v. BNSF Ry. Co.*, No. 8:13CV24, 2014 WL 128393, at *5, n. 1 (D. Neb. Jan. 13, 2014); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("Given the fact that Dr. Becker is Defendant's expert the documents which Plaintiff seeks from him may be considered to be within Defendant's control. Hence, Rule 34 not Rule 45, would appear to apply"); *Ambrose v. Southworth Prod. Corp.*, No. CIV.A. 95-0048-H, 1997 WL 470359, at *1 (W.D. Va. June 24, 1997) (same); *Greer v. Anglemeyer*, No. 3:93-CV-649RP, 1996 WL 56557, at *2 (N.D. Ind. Jan. 5, 1996) (same); *Hartford Fire Ins. v. Pure Air on the Lake Ltd.*, 154 F.R.D. 202, 208 (N.D. Ind. 1993) (holding a party cannot use Rule 45 to bypass Rule 26(b)(4) in order to obtain an experts files).

Here, as can readily be seen from the text of Dkt. 61-1, the Subpoena seeks the production of documents that would comprise portions of McDonald & Associates' "file" that were generated and kept as part of the surveillance they were hired to perform by EIRMC and Dr. Greenwald. While some of the documents sought in the Subpoena might be relevant and discoverable in this case, other documents or items sought by the Subpoena are subject to work product, attorney-client privilege, or objection/protection under Fed. R. Civ. P. 26(b)(4)(B)-(C), and attempting to use the vehicle of a Rule 45 document production subpoena is an improper attempt to bypass the limitations and safeguards applicable to discovery of retained experts under Fed. R. Civ. P. 26(b)(4). Accordingly, EIRMC respectfully requests that the Court quash the Subpoena.

**B. The Subpoena should be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iv) because it is an attempt to bypass the meet and confer process required by Fed. R. Civ. P. 37 and Loc. Civ. R. 37.1.**

As held by the above cases, discovery into retained experts is governed and limited by Fed. R. Civ. P. 26(b)(4), and therefore, is subject to typical discovery rules. This includes the requirement to meet and confer about discovery disputes pursuant to Fed. R. Civ. P. 37 and Loc. Civ. R. 37.1. Here, the parties were still engaging in the meet and confer process in regards to the documents sought by the Subpoena when Plaintiffs simply went ahead and served the Subpoena. Rather than continuing to work through the meet and confer process, Plaintiffs decided to serve a subpoena instead. Plaintiffs' decision to serve a subpoena rather than work through discovery disputes between parties is an attempt to bypass the meet and confer requirements of Fed. R. Civ. P. 37 and Loc. Civ. R. 37.1 and obtain information governed and limited by Fed. R. Civ. P. 26(b)(4) through a sort of "back door" means.

This deprives the parties of the opportunity to work through any objections and discovery disputes, and to timely present the same to the Court for resolution through a motion to compel or motion for protective order if an impasse is reached. EIRMC respectfully requests that the Court quash the Subpoena as creating an undue burden for the additional reason that allowing the Subpoena to move forward would reward Plaintiffs' attempt to bypass the meet and confer process, and would deprive EIRMC and Dr. Greenwald of the opportunity to have any of its objections heard by this Court before the production of at-issue documents.

DATED THIS 22nd day of December, 2021.

                                   HAWLEY TROXELL ENNIS & HAWLEY LLP

                                   By /s/ Marvin M. Smith
                                         Marvin M. Smith, ISB No. 2236
                                         *Attorneys for Defendant Eastern Idaho Health Services, Inc., d/b/a Eastern Idaho Regional Medical Center*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of December, 2021, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF EIRMC'S MOTION TO QUASH with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Robert P. Schuster | bob@bobschuster.com |
| Bradley L. Booke | brad@bobschuster.com |
| Gary L. Shockey | gary@garyshockeylaw.com |
| Dennis P. Wilkinson | dennis@eastidaholaw.net |
| J. Michael Wheiler | wheiler@thwlaw.com |

*/s/ Marvin M. Smith*
Marvin M. Smith