UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES J. SPENCER and TONI A. SPENCER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BRENT H. GREENWALD, M.D.; EASTERN IDAHO HEALTH SERVICES, INC. (a/k/a EASTERN IDAHO REGIONAL MEDICAL CENTER), an Idaho for profit corporation,<br><br>　　　　Defendants. | Case No. 4:20-cv-00440-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Eastern Idaho Health Services, Inc., a/k/a Eastern Idaho Regional Medical's ("EIRMC") Motion to Quash, which was joined by Defendant Brent H. Greenwald (collectively "Defendants"). Dkt. 64; Dkt. 65. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS Defendants' Motion to Quash.

## II. BACKGROUND

The instant medical malpractice case involves an alleged wrong-site surgery in which Dr. Brent Greenwald fused the wrong vertebrae of Charles Spencer's spine, a mistake that was allegedly enabled by EIRMC and its parent company, HCA Healthcare ("HCA").[1] Dkt. 1, at 2, 6. Due to this error, Spencer has suffered both external and internal physical damage. Spencer and his wife, Toni (collectively, "Plaintiffs"), brought the instant case on September 17, 2020. Dkt. 1.

As part of their discovery efforts, EIRMC hired a surveillance company, McDonald & Associates, to surveil Spencer to surreptitiously gather evidence about his physical condition. Dkt. 64-1, at 1. EIRMC anticipates that a representative of McDonald & Associates will testify at trial.[2] Dkt. 64-3, at 2. EIRMC eventually produced McDonald & Associates' surveillance report and a condensed version of the video footage (allegedly containing all footage of when Spencer was in view of the surveillant's camera) to Plaintiffs through a discovery supplement on December 1, 2021. Dkt. 64-1, at 2. Plaintiffs took issue with the supplemental production, and, after meeting and conferring, EIRMC supplemented again with additional video footage of the surveillance of Spencer. Dkt. 64-1, at 2.

---

[1] Obviously, these facts may change as the adjudicative process continues and should not be considered final.

[2] EIRMC's position has evolved, as originally it anticipated that McDonald & Associates "*could* testify at trial." Dkt. 64-1, at 2 (emphasis added).

Still unsatisfied, Plaintiffs filed a Notice of Intent to Serve Subpoena, with the subpoena attached as an exhibit.[3] Dkt. 61. The subpoena was subsequently served on McDonald & Associates on December 16, 2021. The pertinent part of the subpoena states as follows:

> Please produce the following documents, data, information, and materials within the possession, custody, or control of McDonald in accordance with the provisions of the Federal Rules of Civil Procedure and in accordance with the provisions of this Subpoena—relating to McDonald being hired, retained, or engaged to take any photographs or films of Mr. or Mrs. Spencer at any time from and after January 14, 2020 to the present date:
> (a) all contracts, agreements, memoranda, or other documents that reflect any such hiring, retention, or engagement;
> (b) all letters, memoranda, notes, emails, reports, or photo or film logs relating to any such hiring, retention, or engagement;
> (c) any notes or records made at the time of any such photographing or filming, or other notes, emails, or other documents that described or memorialized any such photographing or filming;
> (d) any reports or summaries of any such photographing or filming;
> (e) all photographs and film taken at any time (including all outtakes)— and please produce the photographs and films in digital format.

Dkt. 64-2, at 8. EIRMC brought the instant Motion to Quash on December 22, 2021. Greenwald joined the Motion on the same day. Plaintiffs oppose the Motion to Quash. Dkt. 69.

### III. LEGAL STANDARD

Subpoenas are an essential part of the civil discovery process as they are an avenue to obtain evidence from uncooperative nonparties. The scope of discovery that can be

---

[3] Plaintiffs allege that Defendants were not timely and forthcoming in their disclosures, and that Defendants have been deliberately withholding footage and information. This may or may not be true. However, the Court does not need to rule on the details of this finger-pointing. For purposes of the instant Motion, the above facts suffice. The Court does not mean to condemn or condone the actions of either party in their discovery communications.

MEMORANDUM DECISION AND ORDER - 3

requested through a Rule 45 subpoena is the same as that applicable under Rule 26(b). Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) ("It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34."). Rule 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1).

However, the value and applicability of subpoenas have their limits. The burden placed on third parties is often much greater than the value of any production. That is why it is the policy of this Court not "to burden third parties [with subpoenas] unless absolutely necessary." *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, 2017 WL 4839375, at *3 (D. Idaho Oct. 26, 2017). Under appropriate circumstances, the recipient of a subpoena may move to quash or modify the subpoena.

A district court's factual findings underlying discovery rulings are reviewed for clear error, and its ultimate decision on whether to quash a subpoena is typically a matter of discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003). In certain circumstances, however, Rule 45 requires a court to quash or modify a subpoena. A court *must* quash or modify a subpoena, on timely motion, where the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)–(iv). Additionally, a court *may* quash or modify a subpoena if the

subpoena requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii).

These Rules give the Court broad discretion in determining whether to quash a subpoena. The Court must consider the specific facts and circumstances surrounding the issues in making a sound and just determination.

### IV. DISCUSSION

Defendants raise two arguments in favor of quashing the subpoena. First, Defendants claim that "Plaintiffs' Subpoena is an attempt to bypass the limitations on retained expert discovery set forth in Rule 26(b)(4)." Dkt. 64-1, at 4. Second, Defendants claim that the subpoena should be quashed "because it is an attempt to bypass the meet and confer process required by [Rule] 37 and [Local Rule] 37.1." *Id.* at 7. The Court will address these arguments in turn.

**A. Expert Discovery**

Defendants first claim that Plaintiffs' Rule 45 subpoena is inappropriate because McDonald & Associates are expert witnesses.

1. *Subpoenas and Expert Witnesses*

As explained above, the scope of a Rule 45 subpoena precisely mirrors the scope of Rule 26. Clearly, and Plaintiffs do not dispute this, an expert witness is heavily protected from discovery. Fed. R. Civ. P. 26(b)(4)(B)–(C). The issue arises in how a Rule 45 subpoena interplays with this protection.

Neither of the parties have offered any decisions from district courts within the Ninth Circuit on point, so the Court will look to district courts within other circuits for guidance. In *Marsh v. Jackson*, the defendant sought to obtain the files of two of plaintiff's retained experts using a Rule 45 subpoena. 141 F.R.D. 431, 431 (W.D. Va. 1992). The court granted plaintiff's motion to quash, holding "Rule 26(b)(4) remains a limitation on the right of access by an opposing party to the evidence of experts who have been retained to testify in the case . . . the discovery of the facts and opinions of those experts cannot obtain solely under Rule 45." *Id.* at 432. In *Westchester Surplus Lines Ins. Co. v. Interstate Underground Warehouse & Storage, Inc.*, the Western District of Missouri granted the motion of a party to quash a Rule 45 subpoena issued to its retained expert, explaining that "Rules 26 and 30 operate as a control, or brake if you will, on the potential runaway use of the subpoena *duces tecum* to compel the production of the evidence of experts retained by a party to testify at trial." 2017 WL 2313288, at *2 (W.D. Mo. May 18, 2017).

Other courts have ruled similarly. *See Morriss v. BNSF Ry. Co.*, 2014 WL 128393, at *5, n. 1 (D. Neb. Jan. 13, 2014) (explaining that "irrespective of the rule deployed, expert discovery beyond the scope of Rule 26(a)(2) and 26(b)(4) is impermissible absent some threshold showing of need"); *Alper v. U.S.*, 190 F.R.D. 281, 283 (D. Mass. 2000) (explaining "Plaintiff's attempt to obtain discovery documents from a party's expert at trial via a Rule 45 subpoena is unauthorized by the federal rules"); *Greer v. Anglemeyer*, 1996 WL 56557, at *2 (N.D. Ind. Jan. 5, 1996) (same).

Plaintiffs have not offered any case law to the contrary, and the Court sees no reason to remove the Rule 26 brake on the use of Rule 45 subpoenas. Accordingly, to ensure that

the scope of a Rule 45 subpoena continues to precisely mirror the scope of Rule 26, the Court holds that a Rule 45 subpoena cannot be used to gather information from a retained expert witness beyond the restrictions laid out in Rule 26.

    2. *Whether McDonald & Associates are Expert Witnesses*

Under Rule 702, a witness may qualify as an expert based on their "knowledge, skill, experience, training or education." Fed. R. Evid. 702. Here, McDonald & Associates is a professional surveillance firm.[4] Although the company's qualifications are not before the Court, it is clear that the firm has some experience in surveillance. Based on the surveillance conducted in this case, McDonald & Associates certainly has knowledge of the situation regarding Spencer's health. Beyond that is the fact that McDonald & Associates were *hired* by Defendants to surveil Spencer, and, more specifically, his physical condition. Dkt. 70, at 4. This is not, for example, the unpaid lay testimony of a farmer who happened to glance out his window at night and see two young men wreck their car in his field. This is testimony offered by a firm that was paid to observe a specific individual. The transactional nature of that relationship plays a large role in rendering McDonald & Associates an expert witness. The information that McDonald & Associates has gathered (video evidence of Spencer's condition) will undoubtedly, one way or the other, play a role in "help[ing] the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

Furthermore, Plaintiffs are incorrect to claim that McDonald & Associates cannot

---

[4] Defendants mention a specific investigator—D.A. Dingwell—by name in their Reply. Dkt. 70, at 6. However, because the mention was so cursory, the Court will analyze the company, and its investigators, as a whole.

MEMORANDUM DECISION AND ORDER - 7

testify to opinions in a medical negligence case. If McDonald & Associates were asked to share medical opinions, then they (presumably) would be unqualified. However, there are other opinions to which they can testify, such as their observations regarding Spencer's mobility, activities, and physical condition. Such opinions would be made based on their knowledge of the situation, which their experience and training will play a role in.

Now, the Court does not want to put the cart before the horse. The Court is *not* holding that McDonald & Associates meet the *Daubert* standard, or that their testimony is admissible. The Court is simply holding that at this juncture, McDonald & Associates may be categorized as an expert witness and are therefore protected by the discovery restrictions in Rule 26(b)(4). As such, the Rule 45 Subpoena is inappropriate, and the Court GRANTS the Motion to Quash.

### B. Meet and Confer Requirements

Defendants next claim that the Subpoena should be quashed because Plaintiffs took a "back door" route to "bypass the meet and confer requirements" of Rule 37 and Local Rule 37.1. Dkt. 64-1, at 7. However, Defendants do acknowledge that the parties had been "engaging in the meet and confer process" regarding the sought documents until Plaintiffs served the Subpoena, a fact Plaintiffs confirm. *Id.*; Dkt. 69, at 10. Moreover, Defendants also acknowledge that the "meet and confer" requirements of Rule 37 *do not apply to the service of a Rule 45 subpoena*. Dkt. 70, at 9. As such, because Rule 45 does not require the parties to "meet and confer," the Court will not quash the subpoena because of an alleged failure to meet and confer.

MEMORANDUM DECISION AND ORDER - 8

The Court does agree with Defendants that bypassing the Court's required discovery dispute resolution conference[5] deprived the Court of an opportunity to hear the objections and to try and chart a path forward without resorting to motion practice. These conferences have seen considerable success in the past and have lightened both the Court's, and participating counsel's, load. While the Court does not appreciate Plaintiffs' avoidance of the discovery dispute resolution process, that is not sufficient cause *in this case* to quash the subpoena, in part because (1) the parties had already been meeting and conferring between themselves before the subpoena was served and (2) this motion has been ripe for so long that restarting the process would be counterproductive.

## V. ORDER

The Court HEREBY ORDERS:

1. EIRMC's Motion to Quash (Dkt. 64) is **GRANTED;**
2. Plaintiffs' subpoena to McDonald & Associates is **QUASHED**.

DATED: June 15, 2022

David C. Nye
Chief U.S. District Court Judge

---

[5] The Court requires the parties to conduct a discovery dispute resolution conference (i.e. an informal mediation) in which the Court discusses the issues with the parties, offers suggestions, and tries to avoid motion practice. *See* https://id.uscourts.gov/district/judges/nye/Discovery_Disputes.cfm.